UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 03 CR 71-2 |
| | ) |
| LASHON STUCKEY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM DECISION

The defendant was tried before this Court and a jury between October 6-20, 2004, on charges of conspiracy to distribute and to possess with intent to distribute heroin, cocaine and crack cocaine in violation of 21 U.S.C. § 846 (Count One), and five counts of using a telephone to facilitate the narcotics conspiracy on five separate occasions in violation of 21 U.S.C. § 843(b) (Counts Two through Six). On October 20, 2004, the jury returned a verdict of not guilty against the defendant on the conspiracy count and on all the telephone counts in the third superseding indictment, except Count Two on which he was found guilty. The court thereafter entered a judgment of not guilty on Counts One, Three, Four, Five and Six, and guilty on Count Two. Defendant has timely moved for judgment of acquittal under Rule 29, and for new trial under Rule 33 of the Federal Rules of Criminal Procedure.

1. **Motion for Acquittal (Fed. R. Crim. P. 29)**

Rule 29 provides, in pertinent part, that "[t]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The test which this court must use on considering the Rule 29 motion is whether at

the time of the motion there was relevant evidence from which a reasonable juror could reasonably find defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government. *United States* v. *Hagan*, 913 F.2d 1278, 1281 (7th Cir. 1990); *see also United States* v. *Reis*, 906 F.2d 284, 291-92 (7th Cir. 1990).

A Rule 29 motion may be granted only when the relevant evidence is insufficient to prove all the elements of the charged offense. *United States* v. *Beck*, 615 F.2d 441, 448 (7th Cir. 1980). Evidence adduced at trial to establish guilt beyond a reasonable doubt is sufficient if *any* rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt, viewing the evidence and every reasonable inference in the light most favoring the prosecution. *United States* v. *Colonia*, 870 F.2d 1319, 1326 (7th Cir. 1989). A jury verdict may be overturned only where the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. *United States* v. *Bruun*, 809 F.2d 397, 408 (7th Cir. 1987).

Defendant first argues that he is entitled to judgment of acquittal on Count Two because the government failed to present sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that the defendant knowingly used a telephone to facilitate the conspiracy charged in Count One. He contends that the record contains no evidence that defendant furthered or facilitated any conspiracy to possess with intent to distribute and to distribute narcotics. Rather, he argues, the conversation at issue neither facilitated nor furthered a conspiracy but only conveyed information about the charged conspiracy. *See United States* v. *Grier*, 866 F.2d 908, 928 (7th Cir 1989) (to sustain a conviction under 21 U.S.C. § 843(b), the government must prove that the defendant 1) used a communication facility, 2) knowingly and

intentionally, 3) to facilitate ("made easier or less difficult") the commission of the charged conspiracy). Defendant relies on *United States v. Gonzales-Rodriguez*, 966 F.2d 918, 922 (5th Cir. 1992), for the proposition that conversations about drugs, even between alleged co-conspirators, which are informational, or are engaged in to determine the status or progress of a drug transaction, are not sufficient to establish facilitation. There, the court held that a conversation where one conspirator "merely informed [the defendant] that 'Tio' had been caught and that 'they' had seized 'forty-five'" was insufficient to prove facilitation. *Id.* at 923. On the other hand, other conversations established the facilitating element of the offenses because they demonstrated that defendant and the coconspirator were making arrangements relative to drug transactions: conversations where the defendant told the co-conspirator that he must reprimand another member of the conspiracy for his bad work habits; where defendant advised a co-conspirator that she had spoken with someone who instructed her to wire some money to him and the co-conspirator suggested further action; where defendant discussed and made flight arrangements to pick up cash; and where defendant discussed the money she was holding and asked what she should do with it. *Id.* In *United States v. Rivera*, 775 F.2d 1559, 1562 (11th Cir. 1985) (cited in *Gonzales-Rodriguez* for the proposition that use of a phone to access the status of a drug transaction did not facilitate), the court held that calls made "simply to find out whether any sales had been made, and if so where was the money he was supposed to get" did not facilitate.

In the case before the court, Epps told defendant that he was looking for customers for some cocaine he was about to get ("... I'm trying to see do you know anybody wanna buy some. You catch on [?]." Defense Exhibit A to Motion, p. 2, ll. 4-5.) Defendant then inquired about the

quality ("What on da [suede] side or dah uh, hard side?" *Id.* at ll.10). They discussed price (*id.* at ll.18-24 and p. 3). Defendant agreed to contact others ("I'm a get up with my guy too, Joe." *Id.* at 3, l.6; "Tyree and all dem niggas lookin' for somethang man . . . I'm finna hit Tyree phone see how much dey want." p. 4 ll. 1-3). He agreed to call Tyree "as soon as possible." *Id.* at ll. 29-30. These statements are well within the definition of facilitating in the cases on which defendant relies: making arrangements relative to drug transactions as opposed to a status inquiry, such as if defendant had merely asked Epps whether he had or would soon obtain the narcotics.

For this reason, the motion for acquittal on Count II is denied.

### 2. Drug Conspiracy

Defendant next argues that he must be acquitted of Count Two because proof of commission of the conspiracy is an element of proof under § 843(b), but he was acquitted of conspiracy on Count One. *See United States* v. *Powell*, 469 U.S. 57, 61 n.4 (citing cases) ("The lower courts seem to agree that the Government must prove, as an element of a § 843(b) offense, the commission of the felony that the accused is charged with facilitating."). Defendant concedes that inconsistent verdicts are permissible under cases such as *Powell* but argues that the government must at least show sufficient evidence for a reasonable jury to find that defendant was guilty of conspiracy in order to convict on Count Two.

Even assuming that proof of commission of the conspiracy is an element of proof under § 843(b), the record, when viewed in the light most favorable to the government, contains sufficient evidence to permit a reasonable jury to convict defendant of Count One. There was ample evidence that a conspiracy existed among Epps, Span, and perhaps others. The central question for the jury was whether defendant was a member of it. In that vein, Epps testified that

4

in about late October or early November 2001, Epps decided to open a heroin and crack cocaine operation at St. Stephens, where defendant lived, and he recruited defendant and Allison to conduct the street level sales. As described above, defendant agreed with Epps to contact others with regard to sale of an anticipated supply of cocaine. Defendant participated in numerous conversations with Epps that were related to hoped-for transactions. On this evidence, as well as the fuller summary of the evidence stated at pages 12-13 of the governments memorandum in response to the motion, the court concludes that the evidence of defendant's participation in the offense was sufficient to sustain a jury verdict.

### 3. Motion for New Trial

Finally, defendant contends that he is entitled to a new trial because the court improperly instructed the jury that to find the defendant guilty of the telephone counts "[t]he government need not prove that the conspiracy involved all three controlled substances (heroin, cocaine and cocaine base), but [the jury] must unanimously agree as to which controlled substance or substances were involved in the conspiracy."

Rule 33, Federal Rule Criminal Procedure, authorizes the court to "vacate any judgment and grant a new trial if the interest of justice so requires." The court may grant a new trial "in a variety of situations in which the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States* v. *Eberhart*, 388 F.3d 1043, 1048 (7th Cir. 2004).

Defendant argues that because the third superseding indictment charged defendant with conspiracy to distribute and to possess with intent to distribute controlled substances, namely, more than 500 grams of a mixture containing cocaine, more than 50 grams of a mixture containing cocaine base, and mixtures containing heroin, the government had to prove all three

5

types of narcotics and the amounts thereof in order to convict on the conspiracy count (and therefore, as addressed above on Count Two as well). Notwithstanding whether the lack of any specific findings with respect to the type and amount of drugs for purposes of Count Two may affect the appropriate sentence under *United States* v. *Booker*, ___ U.S. ___ (Jan. 12, 2005), the court concludes that the government was required to prove any one of the three specified narcotic amounts and that it was not necessary for the jury to specify which as long as the jury unanimously agreed as to one. *See United States* v. *Baker*, 722 F.2d 343, 347 n. 6 (7th Cir. 1983) ("When a statute . . . contains disjunctive language, the government may indict in the conjunctive form, and need only prove one of the charges to convict."); *United States* v. *Barlow*, 310 F.3d 1007, 1012 (7th Cir. 2002 ("*Apprendi* [v. *New Jersey*, 530 U.S. 466 (2000)] does not alter the fact that actual knowledge of the identity of a drug is not an element of 21 U.S.C. § 841(a).")

## **ORDER**

For the foregoing reasons, defendant LaShon Stuckey's motion for a judgment of acquittal and motion for new trial are denied.

ENTER:

Dated: January 20, 2005

JOAN HUMPHREY LEFKOW
United States District Judge